


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD JERRY | CIVIL ACTION |
| VERSUS | NO. 00-0300 |
| BURL CAIN, WARDEN | SECTION "M" |

### TRANSFER ORDER

Petitioner, Gerald Jerry, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1985 state court conviction and sentence. To support his challenge, petitioner asserts the following claims:

1) Unconstitutional reasonable doubt jury instruction;

2) Ineffective assistance of counsel; and

3) A defective indictment.

A review of this court's records reflects that petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Gerald Gerrell v. John P. Whitley, C.A. No. 92-4019</u>. In that petition, petitioner raised two claims based on improper jury instructions. That petition was denied on the merits by Judgment entered

DATE OF ENTRY
OCT 3 0 2000

1

Fee
Process
X Dktd
CtRmDep
Doc.No.

May 7, 1993. The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal of petitioner's habeas application on September 1, 1994.

The instant petition is considered to be a second or successive petition as described by 28 U.S.C. § 2244. The claims presented in this successive petition are subject to dismissal unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B)(I) and (ii).

Before the petition can be considered on the merits by this district court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A) and (C). Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

Accordingly,

IT IS ORDERED that petitioner's petition be construed in part as a motion for authorization for the district court to consider the second or successive claims raised therein.

IT IS FURTHER ORDERED that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court.

New Orleans, Louisiana, this 25 day of October, 2000.

                                                      Peter Beer
                                          United States District Judge